IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARYJO COHEN, FREDERIC J. FRANSEN, and
EMANUEL J. KALLINA, II,
in their capacities as trustees of the Melvin S. Cohen
Trust for the Minneapolis Federation for Jewish Service,

                          Plaintiffs,

    v.

THE MINNEAPOLIS JEWISH FEDERATION,

                          Defendant.

OPINION and ORDER

16-cv-325-jdp

---

Trustees Maryjo Cohen, Frederic Fransen, and Emanuel Kallina have moved to stay execution of the judgment pending appeal, under Rule 62(c) and (d) of the Federal Rules of Civil Procedure. Dkt. 288 and Dkt. 291. The Minneapolis Jewish Federation does not oppose a stay of the monetary portions of the judgment, for $1,292,199.78 (the costs and fees incurred in this case) and $188,874.77 (legal fees billed by Kallina, to be reimbursed to the Trust). The Trustees have provided a supersedeas bond to cover the judgment with interests and costs, which I will approve.

But the Federation opposes a stay of the injunctive and declaratory relief ordered by the court. The main aspects of that relief are that the Trustees are removed and replaced, with U.S. Bank to serve as the independent trustee and custodian of the Trust assets, and the Trust Agreement is amended accordingly. Once these changes take place, the Federation would likely apply the Trust gifts for years 2015–18 to purposes contrary to the wishes of the current Trustees. The court is not persuaded that the Trustees have much of a chance of success on appeal. But the court will grant the motion to stay, to preserve the possibility of unwinding the changes ordered by the court if the Trustees prevail against the odds.

ANALYSIS

The factors that inform a decision whether to stay an injunction pending appeal are the same as the factors for a preliminary injunction: likelihood of success, balance of harms, and the public interest. *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). As to likelihood of success, the Trustees have not persuaded the court that they are likely to prevail on appeal, but their chances are not zero. Both the Wisconsin Trust Code and IRS regulations support the court's conclusions, but there is little case law on the issues raised in this case, so that allows some arguable uncertainty.

The public interest would best be served by getting the Trust gifts for the years 2015–18 into the hands of deserving charities, which cuts somewhat against the stay. But that purpose will be served reasonably soon, even if I grant the stay.

The decisive issue is the balance of harms, which favors the Trustees. If the Trustees prevail, the Trust would not be able to recoup the fees of U.S. Bank, which are more than $200,000 a year. The Federation says that the fees to U.S. Bank "do not constitute harm at all" because the appointment of U.S. Bank "will be . . . remedying the harm caused by Plaintiffs in leaving $68 million uninvested." Dkt. 292, at 10. I've already held that the Trust assets should be professionally invested and U.S. Bank's fees are reasonable. But, if the Trustees prove correct, the Trust would be entitled to decline to pay any fees for investing Trust assets.

One of the central issues in this case concerns the Trustee's ability to designate the ultimate recipients of the Trust's annual gifts. If the Federation were to distribute Trust gifts while the appeal is pending, there would be no way to return those funds to the Trust if the court of appeals were to reinstate the Trustees. To be clear, what matters here is not the individual trustee's personal stake in remaining trustee and picking the recipients of the Trust's

2

largesse. What matters is the Trustee's view of the purpose of the Trust and the authority of the Trustees. If the Trustees are correct about these issues, the Federation will have used Trust gifts for purposes contrary to the Trust's legitimate purposes and directions. (Of course, the individual trustees have a personal interest in the money judgment against them, but all agree to stay that portion of the judgment).

I acknowledge that the Federation will suffer some harm if I grant a stay, because it will have to wait use the Trust gifts. And the Trust assets will remain conservatively invested, which may (or may not) result in some loss of investment income over the next year. Given the Trustee's historically conservative investment decisions, there is little risk that the principal will be diminished while the appeal is pending. The Federation has not identified any specific harm that the Federation itself or any of its recipient charities would suffer from waiting until the appeal is resolved to distribute the Trust gifts. After all, the annual Trust gift is a relatively small share of the Federation's overall budget.

I'm not convinced that the replacement trustees could dismiss the appeal, at least not entirely, because the current Trustees have a money judgment against them that they are entitled to challenge on appeal. But preserving the status quo will allow the appeal to proceed without disruption, and without requiring the replacement trustees to prosecute an appeal of litigation that the Federation believes is itself a breach of the Trustees' fiduciary duty.

The bottom line is that staying the judgment will be unlikely to have a significant effect on the Federation, whereas refusing to grant a stay would cause irreparable harm to the Trustees. But preserving the status quo also requires that the Trustees refrain from taking actions that cannot be undone after the appeal. They should continue to make the annual gift as required by the Trust, and they may designate portions of the gift as allows under the Trust.

3

But they may not seek to amend the trust agreement or engage in any other conduct that undermines the rulings of this court. For its part, the Federation should continue to hold the disputed portions of the Trust gifts until the appeal is resolved.

ORDER

IT IS ORDERED that the Trustees' motions to stay the judgment and approve the supersedeas bond pending appeal, Dkt. 288 and Dkt. 291, are GRANTED. The judgment and all relief are STAYED pending the resolution of the Trustees' appeal.

Entered November 28, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge